**12-4096**
**In the Matter of Immigration**

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**


August Term, 2012


(Decided October 16, 2012)

Docket No. 12-4096

------------------------------------------------------------X

**IN THE MATTER OF IMMIGRATION PETITIONS FOR REVIEW**
**PENDING IN**
**THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

------------------------------------------------------------X


DENNIS JACOBS, <u>Chief Judge</u>:

On August 9, 2012, in <u>Si v. Holder</u>, Number 11-1787, the judges in active service constituted an <u>in banc</u> panel for the purpose of reviewing the Joint Stipulation filed on June 11, 2012, to hold the <u>Si</u> case in abeyance for an indefinite period. Also on August 9, 2012, the Court issued an Order to Show Cause, directing the parties in <u>Si</u> to address "why this Court should not remand this appeal to the Board of Immigration Appeals [hereinafter the "BIA"] until such time as the Government has determined that it will seek to remove

1    petitioners in the foreseeable future."  The parties also

2    were directed to address "whether this Court possesses the

3    inherent power to order remands of that kind with the

4    consent of petitioners only, in order to protect our

5    proceedings and judgments, control our docket, and

6    effectively allocate judicial resources."

7         In addition to their respective responses to the Order

8    to Show Cause, the parties submitted on August 31, 2012 a

9    second joint stipulation to remand the case to the BIA for

10   administrative closure.  By order issued this date under the

11   caption <u>Si v. Holder</u>, Number 11-1787, the Court so ordered

12   the August 31, 2012 Joint Stipulation and dismissed the

13   appeal according to the stipulation's terms.

14

15                              **I**

16        The June 11, 2012 Stipulation recites that, "[u]pon

17   review of this case, the Department of Homeland Security's

18   Immigration and Customs Enforcement (DHS/ICE) component has

19   determined in its sole and unreviewable discretion that this

20   case is a low priority removal case and, therefore, under

21   the present circumstances, the petitioner will not be

22   removed in the foreseeable future."  <u>See</u> Memorandum from

2

1    John Morton, ICE Dir., to All Field Office Dirs., All

2    Special Agents in Charge, All Chief Counsel, Exercising

3    Prosecutorial Discretion Consistent with the Civil

4    Immigration Enforcement Priorities of the Agency for the

5    Apprehension, Detention, and Removal of Aliens (June 17,

6    2011) [hereinafter the "Morton Memorandum"].

7    In banc review of the June 11, 2012 Stipulation was

8    needed.  Si is one of more than a thousand cases in our

9    Court that are actually or potentially subject to a future

10   decision by the Government as to whether it will or can

11   remove petitioners if their petitions are denied.[1]  As we

12   have previously observed, it is wasteful to commit judicial

13   resources to immigration cases when circumstances suggest

14   that, if the Government prevails, it is unlikely to promptly

15   effect the petitioner's removal.[2]

_____

[1]We have been advised that, in many cases, removal
following denial of a petition for review is not
accomplished because the Government cannot obtain travel
documents.  The difficulty the Government often encounters
in effectuating removal is reflected in the submission to us
of numerous petitions to review a denial of a motion to
reopen, some filed as many as twelve years after our Court
denied a petition to review an initial denial of relief.

[2]See, e.g., Wei Hua Wang v. Holder, No. 09-2678-ag (2d
Cir. Sept. 18, 2009) (order to file supplemental
memorandum); Zhihui Dong v. Holder, No. 09-2154-ag (2d Cir.
Sept. 18, 2009) (same); Yuan Zee Huang v. Holder, No. 09-

3

1      This state of affairs undermines the Court's ability to

2    "allocate effectively its limited resources and determine

3    whether adjudication of the petition will be merely an empty

4    exercise tantamount to issuing an advisory opinion." Ping

5    Li v. Holder, No. 08-2917-ag (2d Cir. Sept. 22, 2009) (order

6    to file supplemental memorandum).  The certified record on

7    appeal contains insufficient information for the Court to

8    see whether a given case might fall within the ambit of the

9    Morton Memorandum.  We therefore cannot organize our docket

10   to best allocate our own resources.  At the time the June

11   11, 2012 Stipulation was filed, Si already had been before

12   us once; and on its return, it had been pending for more

13   than a year.  Considerable resources--on the part of the

14   Court and the parties--had  been invested in the case.  It

15   is not lost on us that the executive's (appropriate) wish to

16   conserve its own scarce resources is what impels the

17   Government in Si to seek remand to the Board of Immigration

18   Appeals.

19      In their responses to the Order to Show Cause,

20   Petitioners Si and Nyo and the Government agree that remand

_____

2505-ag (2d Cir. Sept. 18, 2009) (same); Nen Di Wu v.
Holder, No. 09-2564-ag (2d Cir. Sept. 17, 2009) (same).

4

1    to the Board of Immigration Appeals is appropriate when the

2    Government elects to suspend, at least temporarily,

3    proceedings against a petitioner.  Representatives of the

4    Department of Justice and the Department of Homeland

5    Security also expressed that view at the conclusion of

6    recent policy discussions with members of the Court

7    regarding the application of the Morton Memorandum to cases

8    that reach this Court.

9         The Government's position and understanding is as

10   follows: "[W]hen the Office of Immigration Litigation

11   ("OIL") determines in consultation with ICE that a case is a

12   low priority matter, the assigned OIL attorney will seek

13   remand for administrative closure. . . . To the extent there

14   are other cases . . . that are not low priority cases under

15   ICE guidelines but where the likelihood of removal may be

16   low for other reasons (such as the difficulty in effecting

17   removals to particular countries), the government is

18   amenable to developing a procedure . . . that would address

19   the Court's expressed concerns for docket control and

20   efficient allocation of judicial resources." Si v. Holder,

1    Number, 11-1787, Respondent's Letter Brief in Response to

2    Order to Show Cause (August 30, 2012), p.3.

3        We agree.  This opinion sets out a procedure for all

4    immigration cases pending in this Court that will enable an

5    interested petitioner and the Government to evaluate whether

6    remand to the BIA, according to terms specified below, is

7    appropriate.  In so ruling we need not reach, for the time

8    being, the question of our inherent power to remand cases to

9    the BIA as an exercise of our authority to manage the

10   Court's affairs.  See Degen v. United States, 517 U.S. 820,

11   823 (1996); Xiao Xing Ni v. Gonzales, 494 F.3d 260, 267 (2d

12   Cir. 2007).

13

14                              II

15       In each case in which a certified record on appeal has

16   been filed, the Court will issue an order tolling the

17   upcoming event to be performed in the case for a 90-day

18   period for the parties to determine whether remand to the

19   BIA is appropriate in the case.  At any time during the

20   tolled period, either party may end the tolling and resume

21   the appellate process by filing with the Clerk of Court a

1   letter to that effect with service upon the adversary.

2   Three business days after the date of the letter, time will

3   begin to run for the next event that is due to occur in the

4   case under the Federal Rules of Appellate Procedure or the

5   Court's Local Rules.

6       At any time prior to the end of the tolled period, a

7   petitioner may move under FRAP 42(b) to dismiss the petition

8   and remand to the BIA.

9       If neither party has sought to resume the appellate

10  process for any purpose by the close of business on the day

11  the 90-day tolling period ends (or the next business day if

12  the tolling period ends on a weekend or holiday), time will

13  immediately resume running for the next event that is due to

14  occur in the case.  A motion for an extension of time,

15  whether to continue remand discussions or to postpone an

16  imminent deadline in the case, will be disfavored and

17  subject to a showing of extraordinary circumstances.  See

18  Local Rule 27.1(f)(1).

19      Except for cases submitted to a panel for decision at

20  least 90 days prior to the date of this decision, the Court

7

1    will not issue a decision until after the 90-day tolling

2    period unless requested to do so by one of the parties.

3

4                              **III**

5         When granting a motion to dismiss an appeal under FRAP

6    42(b) and remand to the BIA, we are mindful that it is the

7    petitioner who has sought judicial review, and who is secure

8    from removal during the pendency of the case before the

9    Court.  To ensure an opportunity for prompt restoration of

10   this case to our jurisdiction as the petitioners may wish, a

11   remand will be pursuant to the principles and procedures set

12   out in United States v. Jacobson, 15 F.3d 19 (2d Cir. 1994).

13        While a petition is pending in this Court, the

14   Government's forbearance policy has assured that removal

15   will not occur.  We will assume that forbearance will

16   continue while the case remains with the agency following

17   our remand and during its return to this Court, if that

18   should occur.  In the event that the Court and a petitioner

19   are advised at any time that this assumption is unwarranted,

20   the petitioner may promptly apply for a stay of removal.

21        At the time a remand is ordered, the Clerk of Court

22   will issue the mandate in compliance with the Federal Rules

1    of Appellate Procedure, with the stated condition that

2    either party may reinstate the case in this Court at any

3    time by filing a letter to that effect with the Clerk of

4    Court.  No new petition for review or additional filing fee

5    will be required to restore the Court's jurisdiction.

6         If the Government decides to resume efforts to remove a

7    petitioner, the Government will notify both the Court and

8    Petitioner at least 21 days before removing Petitioner.

9    Upon receipt of the notice, the Clerk of Court will

10   reinstate the case.

11        In all pending immigration cases and, until further

12   notice, in all subsequently filed immigration cases, the

13   Clerk of Court is directed to issue an order consistent with

14   this decision on a rolling basis commencing seven days from

15   this date.

16